**STATE, EX REL HEDEN, Relator-Appellant, v. ANZELLOTTI, ET AL, Respondents-Appellees.**

Ohio Appeals, Seventh District, Mahoning County

No. 3094. Decided November 15, 1945.

William E. Lewis, Youngstown, for relator-appellant.

John W. Powers, Law Director, Israel Freeman, Assistant Law Director, Youngstown, for respondents-appellees.

## OPINION

By PHILLIPS, J.

Relator, a sergeant in the Police Department of the City of Youngstown, Ohio, appealed on questions of law and fact from a judgment of the court of common pleas dismissing his petition filed in an action in mandamus brought to compel the Civil Service Commission of that city to increase the grade it gave him in a competitive examination he took for promotion to the position of captain in such department by giving him full credit for question number 5 which reads, "Give the statutory definition of manslaughter in the first degree".

Relator's appeal on questions of fact was dismissed on the ground that the case was not "a chancery case", and it appearing that a bill of exceptions was duly filed herein the appeal was retained, argued and will be determined as an appeal on questions of law.

Relator gave the following answer to question number 5:—

"Whoever intentionally or unintentionally kills another unlawfully in heat of passion or anger or unintentionally while engaged in perpetrating an unlawful act is guilty of manslaughter in the first degree."

The testimony of the lawyer member of the respondent commission is that the commission intended, and so announced to those taking the examination, that they should give the "statutory definition" substantially in their own words.

The entry journalizing the finding of the trial judge provides in part as follows:—

"* * * that relator is not entitled to the relief prayed.

"The court further finds that the relator's answer to Question No. 5 was not a correct statutory definition of manslaughter in the first degree and that the respondents, * * * members of the Civil Service Commission, were justified in not giving relator any credit for his answer to said question.

"It is therefore ordered, adjudged and decreed that the writ of mandamus is hereby denied; that the petition of relator be and is hereby dismissed; that the temporary restraining order herein granted is hereby vacated and dissolved; and that the relator pay the costs of this proceedings."

The temporary order to which reference is made in the foregoing entry restrained the mayor and chief of police of the City of Youngstown, Ohio, from appointing the person certified by such commission for appointment to the position of captain in the Department of Police of such city.

By §12404 GC, "manslaughter in the first degree" is thus defined;—

"Whoever unlawfully kills another, except in the manner described in the next five preceding sections is guilty of manslaughter in the first degree."

Relator did not give the statutory definition of manslaughter in the first degree verbatim, or correctly in his own words, or as the commission requested as shown by the record "every element the statute contained."

There is no mandatory duty imposed by law upon defendant commission to allow full, or any, credit to plaintiff for an incorrect answer to question number five, and in view of such incorrect answer the allowance of full, partial or any credit for the answer to such question was a matter addressed to the sound discretion of defendant commission.

The judgment of the common pleas is affirmed.

NICHOLS, P. J., and CARTER, J., concur in judgment.